**Robert E. STOVER, Plaintiff–Appellant,**

v.

**James B. MACKIE, Defendant–Appellee.**

No. 00–1935, 00–2284.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; NELSON, Circuit Judge; RICE, District Judge.*

Robert E. Stover, a Michigan state prisoner, moves for the appointment of counsel and appeals a district court order dismissing his civil rights action, filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Stover filed a confusing complaint against a state court judge who had accepted his guilty plea in 1989 to a charge of driving with an unlawful blood alcohol level and had sentenced Stover to one year of incarceration and lifetime revocation of his driver's license. A notation on the sentencing document indicates that Stover had, at the age of 22, four or five prior similar convictions. Stover alleged that the lifetime revocation was cruel and unusual punishment, that a subsequent conviction of driving on a suspended license constituted double jeopardy, and that defendant had somehow denied him the right to appeal from his conviction. However, attachments to the complaint indicated that the license revocation was later modi-

fied to a five-year revocation. The record also indicates that Stover had subsequent driver's license revocations and terms of imprisonment imposed, which may have been influenced by the conviction challenged here. Stover sought expungement of his record, monetary damages, and reinstatement of his driver's license.

The district court dismissed the complaint sua sponte for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2), concluding that it was barred by the holding in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Stover filed duplicate notices of appeal from the final order and the order denying his motion for reconsideration, and reiterates his claims on appeal. Counsel for the appellee has notified the court that he will not be filing a brief.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Stover could prove no facts which would entitle him to the relief requested. *See Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir.1989).

The district court concluded that the relief requested in this complaint would imply that Stover's conviction or sentence were invalid, when they had not been invalidated, and therefore no claim under § 1983 was cognizable. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Stover argues that because his license revocation was amended to a five-year revocation, his sentence has been invalidated and he can bring an action under § 1983. Stover has not shown that this favorable amendment of his sentence was necessitated by the invalidity of the original sentence. Howev-

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

er, it is unclear whether Stover is still "in custody" with respect to this conviction, which could arguably render *Heck* inapplicable. *See Fox v. Van Oosterum,* 176 F.3d 342, 353 n. 8 (6th Cir.1999).

 Nevertheless, the dismissal of this complaint can be affirmed for other reasons, even if *Heck* does not apply. *See Allen v. Diebold, Inc.,* 33 F.3d 674, 676 (6th Cir.1994). First, Stover's claim for monetary damages against the defendant clearly fails to state a claim due to absolute judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Cameron v. Seitz,* 38 F.3d 264, 271 (6th Cir.1994). Stover is also not entitled to the injunctive relief requested here, as he indicates that he has unsuccessfully sought such relief in the state courts. This court may not review state court decisions; such review is available only in the Supreme Court. *See Patmon v. Michigan Supreme Court,* 224 F.3d 504, 510 (6th Cir.2000).

Therefore, even if Stover's argument against the district court's reasoning were accepted, the dismissal of the complaint for failure to state a claim would nevertheless be affirmed on other grounds. Accordingly, the motion for counsel is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.